902 F.2d 1009
 284 U.S.App.D.C. 183
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Gregg A. MORRIS, Appellant.
and consolidated case
 No. 89-3075.
 United States Court of Appeals, District of Columbia Circuit.
 May 24, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction and sentence entered by the district court on August 31, 1989 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 We affirm the district court's denial of Morris's motion to suppress both the seized drugs and his post-arrest statements to the police for the reasons well-stated in the memorandum opinion of the district court filed June 26, 1989.
 
 
 5
 Regarding Morris's allegations of ineffective assistance of trial counsel, Morris is unable to satisfy the prejudice prong of the analysis prescribed in Strickland v. Washington, 466 U.S. 668 (1984), i.e., demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Had Morris elected not to plead guilty, conviction before a jury was most likely given the admissible evidence against him.
 
 
 6
 Morris's claim that the plea proceedings failed to comport with the mandatory requirement of Fed.R.Crim.P. 11(c) is without support in the record. The transcript of plea proceedings on April 21, 1989 demonstrates that the district court scrupulously complied with the requirements of Rule 11(c). See Transcript of 4/21/89 at 5-18. After extensive questioning, the court found that Morris was competent to enter a plea, id. at 8, and that Morris was "knowingly and voluntarily pleading guilty on the advice of counsel." Id. at 18. Morris appears to base his claim of error on the court's failure to reenter the plea after the magistrate made its revised recommendation to suppress Morris's statement to police. See Brief of appellant at 40-41. Since, after a thorough de novo review of the record, the court reaffirmed its original ruling upon which Morris had based his plea, it was unnecessary to reenter Morris's plea. In three status conferences and the sentencing hearing, all held subsequent to the release of the court's written suppression ruling, neither Morris nor his counsel ever gave any indication of wishing to withdraw the plea or replead. Under these circumstances, Morris's challenge to the propriety of the plea proceedings is entirely without merit.
 
 
 7
 Finally, Morris's constitutional challenge to the prosecution's refusal to file a departure motion pursuant to 28 U.S.C. Sec. 3553(e) was neither briefed nor argued before the district court, and is thus subject to reversal only upon a showing of plain error. See, e.g., United States v. Bass, 535 F.2d 110, 116 (D.C.Cir.1976). This court recently rejected a nearly identical challenge to section 5K1.1 of the Sentencing Guidelines, which provides the guidelines' analogue to section 3553(e). In United States v. Ortez, No. 89-3137 (D.C.Cir. April 24, 1990), the district court construed section 5K1.1 to prohibit downward departure for substantial assistance absent a motion from the government. Id., slip op. at 3. This court rejected Ortez's unpreserved constitutional challenge and concluded that the district court's application of section 5K1.1 was likely correct. Id. at 6-7 (citations omitted). In light of Ortez, Morris's challenge to the sentence imposed is rejected.